21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Rodger Loyd EMBERSON, Defendant-Appellant.
 No. 93-7095.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant was convicted in federal district court of bank robbery, carrying a firearm during commission of a felony, and conspiracy. He was sentenced to a total of 168 months in prison. On appeal, he argues that the district court erred in: 1) finding that there was sufficient evidence to convict him of using a firearm in the commission of a felony, 2) allowing the prosecution two continuances in violation of his right to a speedy trial, and 3) upwardly adjusting his sentence by two levels for obstruction of justice.
 
 
 3
 In reviewing a challenge to the sufficiency of the evidence, "we must view all of the evidence, both direct and circumstantial, and all reasonable inferences to be drawn therefrom, in the light most favorable to the government." United States v. Shelton, 736 F.2d 1397, 1401 (10th Cir.) (citations omitted), cert. denied, 469 U.S. 857 (1984). The jury's decision must be upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). The government's evidence at trial that a gun was used during the bank robbery included: 1) testimony from co-conspirators that they discussed the need to use a gun before the robbery, 2) testimony from a co-conspirator that he saw the robber put the gun in his coat before the robbery, 3) testimony from witnesses that the robber kept his hand inside his coat during the robbery as if he were hiding a gun, and 4) testimony from a co-conspirator that the robber came to his house after the incident and bragged about wielding a gun during the robbery and how it made him feel powerful. Drawing all inferences in favor of the government, we cannot conclude that the district court erred in finding that there was sufficient evidence to convict Defendant beyond a reasonable doubt of using a firearm in the commission of a felony.
 
 
 4
 Next, Defendant contends that the two continuances granted to the government violated his right to a speedy trial. The prosecution asked for the continuances so that it could accommodate Defendant's codefendant who desired to undergo a psychiatric evaluation before the joint trial. Defendant correctly points out that the Speedy Trial Act, 18 U.S.C. 3161, requires that a defendant who is charged by indictment be brought to trial within seventy (70) days from the filing of the indictment or the date the defendant first appears before a judicial officer of the court where the charge is pending, whichever occurs later. 18 U.S.C. 3161(c)(1). The Defendant is also correct that ninety-two (92) days elapsed between the time of his arraignment on March 11, 1993, and the start of his jury trial on June 11, 1993. However, 3161(h)(7) of the Speedy Trial Act provides for a "reasonable period of delay" beyond the normal seventy days "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. 3161(h)(7). In this case, Defendant did not file a motion for severance and the time for his codefendant's trial had not yet run, so the only question is whether the twenty-two (22) days of delay beyond the seventy day maximum was "reasonable" under the circumstances. Given the trial court's interest in conserving judicial resources and avoiding trying the same case twice with two separate defendants, we hold that the trial court's decision to grant the government's requests for continuances so that it could prosecute the two codefendants together was reasonable under the circumstances--particularly in light of the fact that Defendant did not file a motion for severance or otherwise pursue his right to a speedy trial until after his conviction.
 
 
 5
 Finally, Defendant argues that the district court erred in upwardly adjusting his sentence for obstruction of justice. The district court found that Defendant perjured his testimony, and accordingly increased his sentence by two levels. Indeed, Defendant admitted at trial that he originally lied to law enforcement officials who were investigating the offense. The district court was also persuaded that Defendant lied on the stand at trial. Because there was ample support for the trial court's conclusion that Defendant obstructed justice, we affirm its determination on this point. Defendant's other allegations of error by the district court in sentencing are likewise meritless.
 
 
 6
 The judgment of the district court is AFFIRMED in all respects.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470