F I L E D
United States Court of Appeals
Tenth Circuit

APR 10 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EZEQUIEL MONTES-FIERRO,

Defendant-Appellant.

No. 96-2002
(D. New Mexico)
(D.C. No. CR-94-573-JC)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO, ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered

submitted without oral argument.

Defendant Ezequiel Montes-Fierro appeals following his conviction by a jury of

violating 18 U.S.C. § 924(c)(1) by unlawfully using or carrying a firearm during and in

relation to a drug trafficking offense. It was uncontested that Mr. Montes-Fierro had a

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

gun in his pants pocket while he engaged in a drug transaction. Mr. Montes-Fierro also pled guilty to possession with intent to distribute more than 100 grams of heroin. He was sentenced to 120 months' imprisonment with four years of supervised release.

On appeal, Mr. Montes-Fierro contends his conviction is invalid under Bailey v. United States, 116 S. Ct. 501 (1995), which narrowed the definition of "use" under § 924(c)(1). He argues that the jury was improperly instructed on the definition of "use or carry" under § 924(c)(1), and that there was insufficient evidence to convict him under the proper standard.[1] The government agrees that no evidence was presented to show that Mr. Montes-Fierro used a firearm, under Bailey, but contends that, because the evidence was sufficient to show that he carried a firearm, Mr. Montes-Fierro's conviction is valid, despite any erroneous jury instruction.

In Bailey, the Supreme Court expressly distinguished the "use" prong of § 924(c)(1)[2] from the "carry" prong. The Court, holding that a § 924(c)(1) conviction for "use" requires the defendant to have "actively employed the firearm during and in relation to the predicate crime," clarified that "use" of a firearm does not subsume the "carry" prong. The two elements are separate. Bailey, 116 S. Ct. at 508-09.

---

[1]Mr. Montes-Fierro also originally argued that the identity of the confidential informant was erroneously withheld from him. In his reply brief, Mr. Montes-Fierro conceded that issue.

[2]Section 924(c)(1) provides that anyone who "uses or carries a firearm" "during and in relation to any . . . drug trafficking crime" is subject to an enhanced sentence due to the presence of the firearm.

Subsequently, this court noted that although the Court in <u>Bailey</u> did not define "carry," the decision "suggests that neither storage nor possession of a gun, without more, satisfies the 'carry' prong of § 924(c)(1)." <u>United States v. Spring</u>, 80 F.3d 1450, 1464 (10th Cir.), <u>cert. denied</u>, 117 S. Ct. 385 (1996). We have defined the "carry" prong of § 924(c)(1) as requiring that the defendant both *possess* and *transport* a firearm during and in relation to a drug trafficking offense. <u>Id.</u> at 1465; <u>see also</u> <u>United States v. Richardson</u>, 86 F.3d 1537, 1548 (10th Cir.) (valid conviction under "carry" prong of § 924(c)(1) requires possession of firearm through dominion and control, plus transportation or movement of firearm), <u>cert. denied</u>, 117 S. Ct. 588 (1996).

The district court instructed the jury that "using or carrying" a firearm occurs "when a defendant has ready access to [a firearm], and the firearm was an integral part of the criminal undertaking, and its availability increased the likelihood that the criminal undertaking would succeed." Supp. R. Vol. I, Pleading 49, Instruction 8D. The court further instructed the jury that

> [i]t is not necessary for the government to show that the firearm was loaded or even operable or that the defendant fired the weapon or showed the weapon during the alleged drug trafficking crime. It is enough if the proof establishes that the firearm was a means of protecting or otherwise facilitating the underlying drug trafficking offense.

<u>Id.</u>

This instruction, after <u>Bailey</u>, is incorrect on "use" and the distinction between "use" and "carry." <u>See, e.g.,</u> <u>Spring</u>, 80 F.3d at 1464-66. Because the instruction was

erroneous, we review the error under Fed. R. Crim. P. 52. Rule 52(a) provides that any error which does not affect substantial rights is harmless and shall be disregarded. On the other hand, errors affecting substantial rights constitute plain error and may be noticed even if they were not brought to the attention of the court. Fed. R. Crim. P. 52(b).

Although the government agrees that there is no evidence Mr. Montes-Fierro "used" the weapon under Bailey, Bailey contemplates affirmance of a conviction under the "carry" prong, even if a conviction for "use" is unsupportable. See Bailey, 116 S. Ct. at 509 ("Because the Court of Appeals did not consider liability under the 'carry' prong of § 924(c)(1) . . . we remand for consideration of that basis for upholding the convictions."); see also Richardson, 86 F.3d at 1549 (finding evidence "sufficient for the jury to conclude that Mr. Richardson carried a firearm during and in relation to the drug conspiracy"). Accordingly, we have stated that we may affirm a conviction for "carrying" a firearm, despite jury instructions which were incorrect under Bailey, if we are "absolutely certain that the jury convicted solely under the 'carry' prong." United States v. Barnhardt, 93 F.3d 706, 709 (10th Cir. 1996). Put another way, if the jury necessarily found facts establishing the elements of "carrying" in reaching its verdict, we may affirm a § 924(c)(1) conviction. See United States v. Simpson, 94 F.3d 1373, 1379 (10th Cir.) ("If we cannot be certain that the jury necessarily based its verdict on conduct that, after Bailey, is still considered criminal, we cannot affirm."), cert. denied, 117 S. Ct. 411 (1996); United States v. Allen, No. 95-5251, 1997 WL 49827 (6th Cir. Feb. 10, 1997)

(affirming § 924(c)(1) conviction where the jury "necessarily based its verdict on conduct that, after Bailey, is still considered criminal"); United States v. Windom, 103 F.3d 523, 524 (7th Cir. 1996) (affirming § 924(c)(1) conviction "if the undisputed facts necessarily found by the jury amounted to the 'functional equivalent' of a finding that the defendant had carried the weapon."); United States v. Pimentel, 83 F.3d 55, 60 (2d Cir. 1996) ("[E]ven if the jury may have thought it was finding [defendant] guilty of 'using,' the fact that the instruction with respect to 'using' properly described 'carrying' made the jury's verdict the functional equivalent of a finding of 'carrying.'"); see also Broadway v. United States, 104 F.3d 901, 905 (7th Cir. 1997) ("Since Bailey, this circuit has decided that, even on direct appeal, where a defendant fell clearly within a simple definition of 'carry' . . . we will not reverse, despite flawed jury instructions."). Thus, we may affirm Mr. Montes-Fierro's conviction unless he establishes that the erroneous instruction affected his substantial rights, or that there was insufficient evidence supporting his conviction for "carrying."[3]

---

[3]While in Richardson we affirmed the conviction for "carrying," in some other cases we have reversed and remanded for a new trial, where there was some evidence of "carrying," but we were not certain that the jury necessarily found the elements of "carry." See Simpson, 94 F.3d at 1380 (10th Cir. 1996); United States v. Miller, 84 F.3d 1244, 1261 (10th Cir.), cert. denied, 117 S. Ct. 443 (1996); Spring, 80 F.3d at 1466. Cf. Miller, 84 F.3d at 1257 n.2 (noting, but declining to decide whether, a harmless error analysis could permit affirmance of a conviction "if the jury would almost certainly have convicted under either the 'use' or 'carry' prongs, or both, had it been properly instructed").

(continued...)

Mr. Montes-Fierro agrees he had the gun on his person when he entered the car to negotiate the delivery of the drugs with the undercover agent. However, he argues he removed the gun and placed it under the vehicle while the undercover agent was out of the car arranging for delivery of the drugs. He claims that the gun "played no role in the offense." Appellant's Opening Br. at 5. He concludes that because he discarded the gun, he cannot be found to have carried the gun during the drug transaction. At trial, the government's witnesses testified that they found the gun in Mr. Montes-Fierro's pocket when they apprehended him at the scene. Mr. Montes-Fierro did admit at trial that he believed that he was given the gun along with the drugs to make him feel more secure. R. Vol. III at 107.

Viewing the evidence in the light most favorable to the government, we conclude that the evidence is overwhelming that Mr. Montes-Fierro carried the firearm "during and in relation to" a drug trafficking offense. He had the gun on his person, in his pants pocket, while dealing with the undercover agent. There is no doubt that carrying a

---

[3](...continued)
In a few cases we have reversed a conviction outright. See United States v. DeSantiago-Flores, No. 95-1548, 1997 WL 85000 (10th Cir. Feb. 28, 1997) (where defendant did not contest government's argument that there was sufficient evidence of "carrying," we simply reversed the conviction and remanded with directions to vacate where the government did not appeal the district court's ruling that double jeopardy protections prohibited the entry of judgment on the "carrying" count); United States v. Smith, 82 F.3d 1564, 1567 n.2 (10th Cir. 1996) (reversing § 924(c)(1) conviction where "evidence was fatally insufficient on carrying"); see also Simpson, 94 F.3d at 1379 ("Applying Bailey, we have held that outright reversal is required only where there is no evidence that could support a defendant's conviction under the proper legal standard.").

weapon in one's clothing satisfies the "carrying" prong. See Bailey, 116 S. Ct. at 507 (noting that "when an offender keeps a gun hidden in his clothing throughout a drug transaction," it has been carried within the meaning of § 924(c)(1)); see also United States v. Mitchell, 104 F.3d 649, 653 (4th Cir. 1997) ("A defendant actually possessing a firearm and conveying it on his person--either in his hand, his clothing, or in a satchel he is holding--during a drug transaction is perhaps the clearest example of a violation of the 'carry' prong of § 924(c)(1)."); Broadway, 104 F.3d at 905 (stating that "if keeping a gun in your pants pocket does not constitute 'carrying' a gun, 'we cannot imagine what would'") (quoting United States v. Feinberg, 89 F.3d 333, 340 (7th Cir. 1996), cert. denied, 117 S. Ct. 997 (1997)).

Moreover, his primary defense was that he did not carry it "during and in relation" to a drug trafficking offense, because the firearm played no role in the drug transaction, as indicated by his effort to get rid of it. Bailey did not change the "during and in relation to" requirement of § 924(c)(1). See id. at 903 (observing that Bailey "left 'the interpretation of . . . the "in relation to" requirement[] untouched'") (quoting United States v. Cotton, 101 F.3d 52, 56 (7th Cir. 1996)). Whether the jury convicted him under the "use" or the "carry" prong of the statute, in either event the jury would have had to conclude that the firearm was used or carried "during and in relation to" the drug offense. To meet this requirement, "the government must prove that the defendant availed himself of the weapon and that the weapon 'played an integral role' in the drug offense."

Richardson, 86 F.3d at 1548 (quoting United States v. Nicholson, 983 F.2d 983, 990 (10th Cir. 1993)). However, we "'presume a nexus between a firearm and a drug trafficking offense when an individual with ready access to a firearm is involved in such an offense.'" United States v. Baker, 30 F.3d 1278, 1280 (10th Cir. 1994) (quoting United States v. Coslet, 987 F.2d 1493, 1495 (10th Cir. 1993)). The jury necessarily concluded, in order to find him guilty, that the "during and in relation to" requirement was met. We hold that there was sufficient evidence to support that finding. Mr. Montes-Fierro received the weapon, along with the drugs, and he admitted at trial that he believed he was given the gun to make him feel more secure. He indisputably kept the gun in his pocket during the drug transaction. "Evidence is sufficient to support a criminal conviction if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government." United States v. Mains, 33 F.3d 1222, 1227 (10th Cir. 1994). The jury could reasonably conclude from the evidence presented that the firearm was carried "during and in relation to" the drug transaction. See United States v. Mitchell, 104 F.3d 649, 654 (4th Cir. 1997) ("[I]f a firearm is carried for protection or intimidation, it is carried 'in relation to' the drug trafficking offense . . . .")

In sum, we can say with certainty that the jury necessarily found that Mr. Montes-Fierro carried the firearm during and in relation to the drug trafficking offense to which

he pled guilty. Any error occasioned by the erroneous jury instruction did not amount to plain error, and sufficient evidence supported his conviction.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge