**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

JOSE ARIAS-SANTOS,

   Defendant-Appellant.

No. 96-1490
(D.C. No. 96-M-983)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

   After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

   [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On April 24, 1996, Appellant Jose Arias Santos ("Mr. Santos") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied Mr. Santos' motion, and Mr. Santos filed a timely appeal. On October 8, 1996, the district courrt granted Mr. Santos a certificate of appealability.

In September 1992, Mr. Santos was arrested in a restaurant parking lot carrying a bag which contained approximately 400 grams of cocaine. During his arrest, drug enforcement agents found a loaded Davis Industries, model P-380, .380 caliber semi-automatic pistol in the front waistband of Mr. Santos' pants. Agents also discovered an additional quantity of cocaine and another firearm in the glove compartment of Mr. Santos' car.

The United States charged Mr. Santos in a multi-count indictment with: (1) conspiracy to possess with the intent to distribute in excess of 500 grams of a substance containing cocaine, in violation of 21 U.S.C. §§ 841, 846 (1994) (count 3); (2) possession with the intent to distribute more than 500 grams of a substance containing cocaine, in violation of 21 U.S.C. § 841 (1994) (count 4); and (3) using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (1994) (count 5). At trial, Mr. Santos testified that on the morning of September 15, 1992, a friend of his named Olivas gave him a .380 handgun to put in his waistband. Mr. Santos

testified that he and Olivas then drove to Denny's restaurant for lunch and checked into a hotel that afternoon. Mr. Santos stated that at around 6:30 p.m. that evening, Olivas gave him a bag to carry, and Mr. Santos and Olivas left their hotel room and walked to the parking lot of Denny's restaurant, with Mr. Santos carrying the bag. Mr. Santos was subsequently arrested in the parking lot of Denny's restaurant carrying the bag, which contained approximately 400 grams of cocaine, and carrying the .380 handgun in the waistband of his pants.

A jury convicted Mr. Santos on all three of the counts he was charged with in the indictment, and the United States District Court for the District of Colorado sentenced Mr. Santos to 138 months imprisonment. The sentence consisted of a 78-month term of imprisonment for the drug charges and a 60-month consecutive term of imprisonment for the conviction under 18 U.S.C. § 924(c)(1). We affirmed Mr. Santos' convictions in *United States v. Arias-Santos*, 39 F.3d 1070 (10th Cir. 1994), *cert. denied*, 513 U.S. 1175 (1995).[1]

---

[1] Although we remanded the case to the district court for resentencing because there were insufficient findings by the district court to support the enhancement of Mr. Santos' sentence, *see id.* at 1076-77, the district court resentenced Mr. Santos to the same sentence of 138 months imprisonment.

In his April 24, 1996 motion under 28 U.S.C. § 2255, Mr. Santos challenged his conviction under count five, using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Mr. Santos argued, *inter alia*, the trial court's jury instructions concerning "use of a firearm" were erroneous under *Bailey v. United States*, 116 S. Ct. 501 (1995), and there was insufficient evidence to establish Mr. Santos used or carried a firearm during and in relation to a drug trafficking crime. Although the district court agreed the jury instructions concerning "use of a firearm" were erroneous, the court determined the error was harmless because the evidence clearly proved Mr. Santos carried a firearm during his drug trafficking offenses. Consequently, the district court denied Mr. Santos' motion to vacate, correct, or set aside his sentence.

Mr. Santos appeals the district court's denial of his 28 U.S.C. § 255 motion. Mr. Santos argues he is entitled to a new trial on his conviction under 18 U.S.C. § 924(c)(1) because there was insufficient evidence to establish he violated that statute and because, in light of the Supreme Court's recent decision in *Bailey*, he was convicted based upon jury instructions that erroneously defined the law. 18 U.S.C. § 924(c)(1) makes it a federal offense to use or carry a firearm "during and in relation to any ... drug trafficking crime." To obtain a conviction under § 924(c)(1), the government must satisfy two elements. First, the government must show the defendant used or carried a firearm.

4

*Smith v. United States*, 508 U.S. 223, 228 (1993).  Second, it must prove "the use or carrying was 'during and in relation to' a ... 'drug trafficking crime.'"  *Id.*

In *Bailey*, the Supreme Court distinguished the "use" prong of § 924(c)(1) from the "carry" prong.  The Court determined the two prongs are separate, and that use of a firearm does not subsume the carry prong.  *Bailey*, 116 S. Ct. at 508-09.  To support a conviction under the use prong, the Court determined the government must prove the defendant "actively employed" a firearm.  *Id.* at 508. The "active employment" of a firearm includes "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm."  *Id.*  *Bailey* effectively overruled prior Tenth Circuit precedent that held a § 924(c) "use" conviction could be based on evidence showing the defendant merely had access to a firearm.  *United States v. Killingsworth*, 1997 WL 358627 at *2 (10th Cir. June 30, 1997).

In the present case, the district court instructed the jury that in order to find Mr. Santos guilty of violating 18 U.S.C. § 924(c)(1), it:

> must be convinced that the government has proved ... beyond a reasonable doubt
>
> ....
>
> [t]hat the defendant Jose Arias-Santos knowingly used or carried a firearm during and in relation to the defendant's commission [of a drug trafficking crime].

5

Furthermore, the court stated:

> The government is not required to prove that the defendant actually fired the weapon or brandished or displayed it in order to prove "use," as that term is used in this instruction. The defendant does not have to have actual possession of either the firearm or drugs. However, you must be convinced beyond a reasonable doubt that the firearm played a role in or facilitated the commission of a drug offense, and the defendant intended the weapon to be available for use during the drug transaction. In other words, you must find that the firearm was an integral part of the drug offense charged, and its availability increased the likelihood that the criminal undertaking would succeed.

It is undisputed the court's instructions incorrectly defined "use" of a firearm under the standard announced in *Bailey*. The instructions simply failed to require the government to prove Mr. Santos "actively employed" a firearm in order to satisfy the "use" prong.[2] However, the mere fact the court's instructions were erroneous does not automatically entitle Mr. Santos to relief under 28 U.S.C. § 2255. Thus, we must next determine what relief, if any, Mr. Santos is entitled to receive.

It is well settled that *Bailey* applies retroactively to cases on collateral review. *United States v. Barnhardt*, 93 F.3d 706, 708 (10th Cir. 1996); *United States v. Holland*, 1997 WL 364290, at *2 (10th Cir. July 2, 1997). However, in this case, Mr. Santos did

---

[2] Although Mr. Santos appears to argue the district court's instructions erred in several respects, we conclude the court erred only in defining "use" of a firearm. The court should have required the government to prove beyond a reasonable doubt that Mr. Santos "actively employed" the firearm in order to establish "use." *Bailey*, 116 S. Ct. at 508-09.

6

not argue on direct appeal that the district court's jury instructions concerning § 924(c)(1) were erroneous. *See Arias-Santos*, 39 F.3d at 1070. Because Mr. Santos failed to raise this claim on direct appeal, Mr. Santos must establish cause for failing to raise the claim and actual prejudice resulting from the error he asserts. *Holland*, 1997 WL 364290 at *2; *United States v. Shelton*, 848 F.2d 1485, 1490 (10th Cir. 1988). Otherwise, he is entitled to no collateral relief. *See United States v. Frady*, 456 U.S. 152, 168 (1982); *Holland*, 1997 WL 364290 at *6-7.

A petitioner has cause for failing to raise a claim if the claim had "'no reasonable basis in existing law.'" *Shelton*, 848 F.2d at 1490 (quoting *Reed v. Ross*, 468 U.S. 1, 15-16 (1984)). Here, Mr. Santos' direct appeal was decided more than a year before the Supreme Court decided *Bailey*. *Arias-Santos*, 39 F.3d at 1070; *Bailey*, 116 S. Ct. at 501. Thus, at the time of Mr. Santos' direct appeal, the court's jury instructions concerning "use" of a firearm were in conformity with prevailing law. *See Holland*, 1997 WL 364290 at *1 (setting forth Tenth Circuit pre-*Bailey* definition of "use" of a firearm). Any objection to these instructions on direct appeal would have had "no reasonable basis in existing law." *See Shelton*, 848 F.2d at 1490. We therefore conclude Mr. Santos has shown cause for his failure to object to the court's § 924(c) "use" instructions on direct appeal. *See also Holland*, 1997 WL 364290 at *3 (holding § 2255 petitioner established

7

cause for failing to raise objection to § 924(c) "use" instruction earlier where *Bailey* decided after his direct appeal).

Next, we must decide whether Mr. Santos can prove actual prejudice resulting from the court's erroneous instruction of "use" of a firearm. In *Holland*, we concluded a petitioner establishes the requisite prejudice for relief where he proves the jury could have convicted him solely under the legally invalid ground, that is, under the "use" prong. *Id.* at *5.

> The fact that the evidence was sufficient to support a conviction on the legally valid ground [*i.e.*, under the "carry" prong] does not eliminate ... the resulting prejudice unless we can be assured the jury did in fact rely on the valid ground, or unless, in convicting [the defendant], the jury necessarily made the findings required to support a conviction on the valid ground.

*Id.*; *see also United States v. Miller*, 84 F.3d 1244, 1257 (10th Cir.) (where instruction defining one of two alternative grounds for conviction is legally erroneous, "we must reverse the conviction unless we can determine with absolute certainty that the jury based its verdict on the ground on which it was correctly instructed"), *cert. denied*, 117 S. Ct. 443 (1996). Thus, we specifically held in *Holland* that:

> an erroneous "use" instruction does not require reversal of the conviction when the jury was also instructed without objection on "carry," the defendant did not dispute that the firearm was carried on his person or in his vehicle, and the jury verdict necessarily includes an inherent finding of "carrying during and in relation to the drug crime." The essential inquiry is whether the jury's verdict, under the instructions given and the nature of the evidence, required the jury to find all the elements of a "carrying" violation, or stated another way, whether the verdict was the functional equivalent of

8

> such a finding. We must be convinced that it was impossible upon the evidence and instructions for the jury to have returned a "use" conviction without finding all the elements of a "carrying" violation as well.

1997 WL 364290 at *7 n.4.

In the present case, the indictment charged Mr. Santos with using "or" carrying a firearm during and in relation to a drug trafficking offense (the intentional distribution of more than 500 grams of cocaine in violation of 21 U.S.C. § 841). The district court instructed the jury that in order to convict Mr. Santos of violating 18 U.S.C. § 924(c)(1), it must find Mr. Santos either used or carried a firearm during and in relation to the charged drug trafficking offense. Although the court did not specifically define "carry" for the jury, this was not error. Generally, "a court is not required to define words and phrases which are familiar to one of ordinary intelligence." *Atchison, Topeka & Santa Fe Ry. Co. v. Preston*, 257 F.2d 933, 937 (10th Cir. 1958); *see also United States v. Rhodenizer*, 106 F.3d 222, 225 (8th Cir. 1997) (district court does not err by refraining from providing an instruction of the meaning of "carry" under 18 U.S.C. § 924(c)(1)).

The Tenth Circuit has traditionally described the "carry" prong of § 924(c)(1) as requiring the government to prove the defendant both "possessed" and "transported" a firearm "during and in relation to" a drug trafficking offense. *United States v. Spring*, 80 F.3d 1450, 1465 (10th Cir.), *cert. denied*, 117 S. Ct. 385 (1996). These elements were not

9

altered by *Bailey*.[3]  S*ee Miller*, 84 F.3d at 1260; *United States v. Richardson*, 86 F.3d

1537, 1548 (10th Cir.), *cert. denied*, 117 S. Ct. 588 (1996).  Essentially then, to determine

if Mr. Santos is entitled to relief in the present case, we must ascertain whether the jury

necessarily found all the facts necessary to conclude Mr. Santos possessed and

transported a firearm during and in relation to a drug trafficking crime.  If the jury's

verdict necessarily encompassed this finding, Mr. Santos is entitled to no collateral relief.

*See Holland*, 1997 WL 364290 at *7 n.4.  If, however, the jury did not necessarily reach

this conclusion, Mr. Santos is entitled to relief pursuant to § 2255.  *See id.*


In the present case, Mr. Santos testified at trial that he placed a .380 handgun in the

front waistband of his pants on the morning of September 15, 1992.  After eating lunch at

a restaurant, and spending the afternoon in a motel room, drug enforcement agents

arrested Mr. Santos that evening carrying a bag containing approximately 400 grams of

cocaine.  Mr. Santos admits that during his arrest, authorities found a loaded .380 caliber

semiautomatic pistol in the front waistband of his pants.  Hence, it is clear from Mr.

Santos' own testimony and admissions that he both possessed and transported a firearm.

---

[3]  However, the Supreme Court did "suggest[] that neither storage nor possession of a gun, without more, satisfies the 'carry' prong of § 924(c)(1)." *Spring*, 80 F.3d at 1465; *see Bailey*, 116 S. Ct. at 509.

Under the district court's erroneous instructions concerning "use" of a firearm, the government was required to prove "the firearm played a role in or facilitated the commission of the drug offense" and that the "defendant intended the weapon to be available for use." Assuming the jury convicted Mr. Santos under the "use" instructions, we believe the conviction must have been premised on a finding by the jury that Mr. Santos had been walking around with the firearm in his pants at the time he was arrested. Mr. Santos admitted these facts at trial, and the testimony presented by the government was entirely consistent. In effect, there was simply no other evidence the jury could have relied upon to conclude the firearm played a role in the commission of the drug offense.

We believe the jury's underlying factual finding that Mr. Santos was walking with the firearm in his pants is a sufficient finding to satisfy both of the elements of § 924(c)'s "carry" prong -- possession and transportation of the weapon. Indeed, we recently stated "[t]here is no doubt that carrying a weapon in one's clothing satisfies the 'carrying' prong." *United States v. Montes-Fierro*, 1997 WL 174110, at *3 (10th Cir. April 10, 1997), *petition for cert. filed*, (U.S. July 8, 1997) (No. 97-5183); *see also Broadway v. United States*, 104 F.3d 901, 905 (7th Cir. 1997) ("if keeping a gun in your pants pocket does not constitute 'carrying' a gun, we cannot imagine what would." (Internal quotation marks omitted.))*; United States v. Mitchell*, 104 F.3d 649, 653 (4th Cir. 1997) ("A defendant actually possessing a firearm and conveying it on his person -- either in his hand, his

11

clothing, or in a satchel he is holding -- during a drug transaction is perhaps the clearest example of a violation of the 'carry' prong of § 924(c)(1)"). Furthermore, the jury concluded the "using" or "carrying" of the firearm occurred "during and in relation to a drug trafficking crime." The jury was properly instructed on the "during and in relation to" element and *Bailey* did not alter the definition of this element. In order to find Mr. Santos guilty of violating § 924(c)(1), the jury necessarily concluded the government met its burden of proof on this element.[4]

In conclusion, we find that even if the jury convicted Mr. Santos under the district court's improper "use" instructions, the jury necessarily determined that Mr. Santos transported and possessed the firearm at the time he was arrested carrying the cocaine. This determination was the functional equivalent of a finding that Mr. Santos "carried" a firearm under § 924(c)(1). *See Montes-Fierro*, 1997 WL 174110 at *4 ("we can say with

---

[4] Mr. Santos attempts to argue on appeal that the government did not present sufficient evidence at trial to satisfy the "during and in relation to" element. Mr. Santos relies on the legislative history of § 924(c)(1) in asserting this argument. Unfortunately for Mr. Santos, his challenge to the sufficiency of the evidence to support the "during and in relation to" element is procedurally barred. Mr. Santos did not raise this argument on direct appeal, *see Arias-Santos*, 39 F.3d at 1070, and *Bailey* did not alter the definition of "during and in relation to." In short, Mr. Santos cannot establish cause sufficient to allow the court to review this claim. *See Shelton*, 848 F.2d at 1490. In any event, the record reveals there was ample evidence to support the jury's determination with respect to this element.

certainty that the jury necessarily found that [defendant] carried the firearm during and in relation to the drug trafficking offense" where it was undisputed that defendant was arrested with gun in his pants pocket while conducting a drug transaction).  Because the jury also concluded Mr. Santos "carried" the firearm "during and in relation to a drug trafficking crime," Mr. Santos cannot establish prejudice stemming from the court's erroneous instructions.[5]

Because Mr. Santos cannot establish prejudice, he cannot prevail on his claims. Consequently, we affirm the district court's dismissal of Mr. Santos' § 2255 motion.

**Entered for the Court**


**WADE BRORBY**
United States Circuit Judge

---

[5]  Although Mr. Santos also argues on appeal that there was insufficient evidence to establish that he "carried" a firearm under § 924(c)(1), this contention is clearly without merit in light of our preceding analysis.