**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KENNETH WAYNE HOLLAND,

    Defendant-Appellant,

No. 96-1102

---

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 96-M-76)

---

James P. Moran, Assistant Federal Public Defender (Michael G. Katz, Federal Public Defender, with him on the briefs), Denver, Colorado, for Defendant-Appellant.

Charlotte J. Mapes, Assistant United States Attorney (Henry L. Solano, United States Attorney, with her on the brief), Denver, Colorado, for Plaintiff-Appellee.

---

Before **SEYMOUR**, Chief Judge, **BRORBY** and **KELLY**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

Kenneth Wayne Holland was convicted of possession of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1), and of using and carrying a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1).[1] His convictions were affirmed on direct appeal. United States v. Holland, 10 F.3d 696 (10th Cir. 1993). He subsequently brought a motion to vacate judgment and sentence under 28 U.S.C. § 2255, asserting that his section 924(c)(1) conviction is invalid under Bailey v. United States, 116 S. Ct. 501 (1995), which was decided after we affirmed of his conviction. Mr. Holland appeals the district court's denial of relief, and we affirm.

The facts underlying Mr. Holland's convictions are set out in detail in our opinion on direct appeal, and we therefore recite only those facts relevant to the disposition of the issue before us here. After a vehicle occupied by Mr. Holland and co-defendant Sevelt Kelly was pulled over on a routine traffic stop, police officers observed five rounds of ammunition on the vehicle's center console. Mr. Holland, who was driving, consented to a search of the car, which revealed a revolver registered to Mr. Kelly under the passenger seat plus drug paraphernalia and a small amount of cocaine found elsewhere in the vehicle. Both defendants

---

[1] Mr. Holland was also convicted of two separate counts of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). These convictions are not challenged here and are not relevant to our consideration of the issues raised by Mr. Holland.

possessed cash and pagers purchased by Mr. Holland, and Mr. Kelly also had three rounds of ammunition that matched the cylinder of the gun under the seat. Three ounces of cocaine in a cosmetic bag were found by the side of the road where the traffic stop occurred.

Mr. Holland was convicted of violating 18 U.S.C. § 924(c)(1), which imposes a mandatory minimum term of imprisonment upon a person who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm."  He now contends that his section 924(c)(1) conviction is invalid under the Supreme Court's construction of that statute in Bailey.  Prior to the Bailey decision, this court had adopted a definition of "use" for purposes of section 924(c)(1) under which "a defendant 'uses' a firearm when it '(1) is readily accessible, (2) is an integral part of the criminal undertaking, and (3) increases the likelihood of success for that undertaking.'" Holland, 10 F.3d at 699 (quoting United States v. Conner, 972 F.2d 1172, 1173 (10th Cir. 1992)).  Under this definition we had upheld the section 924(c)(1) "use" conviction of the driver of a vehicle containing drugs and a gun under a bag on the passenger seat next to him. See United States v. McKinnell, 888 F.2d 669, 674-75 (10th Cir. 1989).

In Bailey, the Supreme Court rejected such a broad definition of "use" and held that section 924(c)(1) "requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an

operative factor in relation to the predicate offense." Bailey, 116 S. Ct. at 505.

Under this construction, "[a] defendant cannot be charged under § 924(c)(1)

merely for storing a weapon near drugs or drug proceeds. Storage of a firearm,

without its more active employment, is not reasonably distinguishable from

possession." Id. at 508. The Court also made clear that "use" does not extend to

situations "where an offender conceals a gun nearby to be at the ready for an

imminent confrontation. . . . Placement for later active use does not constitute

'use.'" Id. at 508-09. It is clear that under the construction of "use" employed in

Bailey, the evidence in this case is legally insufficient to support a conviction for

using a firearm during and in relation to a drug trafficking offense under section

924(c)(1). We thus turn to Mr. Holland's argument that he is entitled to relief

under section 2255.

We have held that Bailey applies retroactively to cases on collateral review.

See United States v. Barnhardt, 93 F.3d 706, 708-09 (10th Cir. 1996). In so

doing, we relied on Supreme Court authority holding that "a petitioner collaterally

attacking his conviction should be given the benefit of case law decided after his

conviction when the conviction was 'for an act that the law does not make

criminal.'" Id. at 709 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

We also relied on United States v. Dashney, 52 F.3d 298 (10th Cir. 1995), in

which we held that under Davis, "substantive changes in the law, as opposed to

-4-

procedural changes, apply retroactively." Barnhardt, 93 F.3d at 709.  In light of those cases, we concluded:

> Bailey establishes a new non-constitutional rule of substantive law which may produce a different result under the facts of this case than that dictated by prior law.  In other words, actions that were criminal pre-Bailey may no longer be such.  Therefore, we hold that Bailey applies retroactively to convictions under 18 U.S.C. § 924(c)(1).

Id.  The conviction in Barnhardt was the result of a guilty plea rather than a jury trial, however, and we pointed out that Bailey's application in those circumstances was not governed by cases applying Bailey following a jury trial. Id.  Because Mr. Holland was convicted by a jury, we turn to the cases applying Bailey in those circumstances.

As an initial matter, we recognize that a federal prisoner who has defaulted the claim he seeks to assert in a section 2255 motion must ordinarily show cause for his default and actual prejudice resulting from the error he asserts.  United States v. Shelton, 848 F.2d 1485, 1490 (10th Cir. 1988) (en banc).  Shelton, like the present case, involved a section 2255 proceeding asserting the retroactive application of a substantive non-constitutional decision of the Supreme Court narrowing the reach of a federal criminal statute.  Id. at 1489.  We noted in Shelton, id. at 1490 n.4, that because a conviction for conduct that is not criminal would result in a complete miscarriage of justice, see Davis, 417 U.S. at 346-47, a compelling argument can be made that a showing of cause is not required.  See

Dashney, 52 F.3d at 299. We nevertheless assessed cause in Shelton, as we do here.

A petitioner has cause for having failed to raise a claim when it had no reasonable basis in existing law, a standard satisfied when "a Supreme Court decision overturns 'a longstanding and widespread practice to which [the Supreme Court] has not spoken, but which a near-unanimous body of lower court authority has expressly approved.'" Shelton, 848 F.2d at 1490 (quoting Reed v. Ross, 468 U.S. 1, 17 (1984) (internal quotation omitted)). Here, although the circuits had adopted various constructions of the "use" prong, see Bailey, 116 S. Ct. at 505, they were less stringent than that articulated in Bailey and the circumstances in this case would have satisfied virtually all of them. Accordingly, we hold that Mr. Holland has shown cause for failing to raise the claim earlier.

We therefore must determine whether Mr. Holland has established actual prejudice resulting from the erroneous construction of "use" employed at trial. Mr. Holland was charged with both using and carrying a firearm during and in relation to a drug trafficking offense. The trial court instructed the jury that:

> To find use, it is not required that you find defendant brandished or displayed or discharged the firearm; nor that the defendant had actual possession of either the firearm or the drugs; nor that the firearm was loaded; nor that a drug transaction occurred at the place where the drugs were found; nor that the sole purpose of the firearm was to protect the drug operation. Use is established when the defendant has ready access to the firearm and the firearm was an integral part of his criminal undertaking and its availability

increased the likelihood that the criminal undertaking would succeed. The ready access element requires evidence that the firearm was available to the defendant in the vicinity where the drug trafficking offense took place. However, to find use, you must find that the defendant actually and knowingly possessed the firearm as possession is defined elsewhere in these instructions.

Rec., vol. 5 at 449-50. This definition of "use" is, of course, incorrect under Bailey.

However, the indictment charged that Mr. Holland "did use *and carry* a firearm during and in relation to a drug trafficking crime," id. at 439 (emphasis added), and the court instructed the jury with respect to "carry" that:

> [A] firearm may be carried simply by being carried in a vehicle as part of and in relation to a drug trafficking offense, so long as the defendant actually and knowingly possessed or intentionally had dominion and control over the weapon, by himself or together with another in the vehicle, while committing a drug trafficking offense.

Id. at 450.[2] On appeal, the government contends that Mr. Holland is unable to show the requisite prejudice to support collateral relief because the evidence was sufficient to sustain his conviction for carrying under a proper instruction. We

---

[2] Mr. Holland has never asserted that this definition of "carry" under section 924(c)(1) is erroneous. The instruction is clearly correct under our pre-Bailey cases, which held "that the government is required to prove only that the defendant transported a firearm in a vehicle and that he had actual or constructive possession of the firearm while doing so." United States v. Miller, 84 F.3d 1244, 1259 (10th Cir.) (citing cases), cert. denied, 117 S. Ct. 443 (1996). The instruction is also proper after Bailey in view of our conclusion that "nothing in Bailey . . . conflicts with our pre-Bailey 'vehicular carrying' line of cases." Id. at 1260.

agree that Mr. Holland is not entitled to relief, although we reach our conclusion

on a different ground than that urged by the government.

We are guided in our analysis by Justice Scalia's concurring opinion in

California v. Roy, 117 S. Ct. 337 (1996) (per curiam). The Court there, as here,

was concerned with "an error in the instruction that defined the crime." Id. at

339. In assessing whether this error required reversal of the conviction, Justice

Scalia stated that

> a criminal defendant is constitutionally entitled to a *jury verdict* that
> he is guilty of the crime, and absent such a verdict the conviction
> must be reversed, "no matter how inescapable the findings to support
> that verdict might be." A jury verdict that he is guilty of the crime
> means, of course, a verdict that he is guilty of *each necessary
> element* of the crime.

Id. (Scalia, J., concurring) (quoting Sullivan v. Louisiana, 508 U.S. 275, 279

(1993)). Justice Scalia then explained:

> The absence of a formal verdict on this point can not be
> rendered harmless by the fact that, given the evidence, no reasonable
> jury would have found otherwise. To allow the error to be cured in
> that fashion would be to dispense with trial by jury. "The Sixth
> Amendment requires more than appellate speculation about a
> hypothetical jury's action, or else directed verdicts for the State
> would be sustainable on appeal; it requires an actual jury finding of
> guilty." The error in the present case can be harmless only if the jury
> verdict on other points effectively embraces this one or if it is
> impossible, upon the evidence, to have found what the verdict *did*
> find without finding this point as well.

Id. at 339-40 (quoting Sullivan 508 U.S. at 280). This analysis informs our

assessment of prejudice in the present case.[3]  We must ascertain whether the jury

here in effect found the elements necessary to sustain a conviction for carrying

under section 924(c)(1).  Our task is complicated by the fact that Mr. Holland was

convicted under an erroneous "use" instruction and a proper "carry" instruction.

In United States v. Miller, 84 F.3d 1244, 1256-61 (10th Cir.), cert. denied,

117 S. Ct. 443 (1996), we considered on direct appeal the situation in which a

defendant had been charged with both using and carrying a firearm under section

---

[3] We recognize that the Court in California v. Roy, 117 S. Ct. 337 (1996) (per curiam), was addressing the standard to determine whether an error in a state trial entitled the petitioner to relief under 28 U.S.C. § 2254.  We nonetheless believe Justice Scalia's concurrence sheds light on our assessment of prejudice here.  Justice Scalia's concurrence clarifies the distinction between errors in instructions on the elements of the crime for which the "harm" is a lack of a jury verdict on an element, and the more typical brand of trial error for which the "harm" is insufficient legally permissible evidence to support a verdict actually rendered.  To determine if errors in the first category are harmless, one must look to whether there was a proper verdict in fact (even if not in form).  We note that Justice Scalia's rationale is wholly consistent with the Supreme Court's analysis in Johnson v. United States, 117 S. Ct. 1544, 1550 (1997), in which the Court held that lack of a jury verdict on an element did not warrant reversal for plain error where the evidence on the element was "overwhelming" and "essentially uncontroverted."  The Court reached that result because under those circumstances, the lack of an actual jury verdict did not "seriously affect the fairness, integrity or public reputation of judicial proceedings" as required under the fourth prong of the plain error test of United States v. Olano, 507 U.S. 725 (1993).  The Court assumed that the defendant had satisfied the third prong of Olano by demonstrating the error affected substantial rights, i.e. was harmful. Justice Scalia's concurrence in Roy provides guidance on the inquiry used to determine if an instructional error affects substantial rights under the third prong of Olano, just as it provides guidance to our analysis here of actual prejudice in the habeas context.

924(c)(1) and had been tried and convicted on a jury instruction that defined "use" improperly under Bailey. We noted that:

> If the substantive law allows the jury to convict a defendant for an offense, here a violation of 18 U.S.C. § 924(c)(1), based on either of two alternative grounds, here that [the defendant] either "used" or "carried" the firearms, and the district court correctly instructs the jury regarding each ground, we must affirm the conviction if there is sufficient evidence to support it under either of the alternative grounds, even if there is not sufficient evidence to support the conviction under one of them.

Id. at 1257. We held that the above analysis does *not* apply, however, when "the instruction defining one of the two alternative grounds for conviction was legally erroneous, . . . unless we can determine with absolute certainty that the jury based its verdict on the ground on which it was correctly instructed." Id. We explained that this approach is required because "'[j]urors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to law,' and may have intended to convict the defendant on a legally invalid ground while rejecting the evidence supporting the legally valid one." Id. (quoting Griffin v. United States, 502 U.S. 46, 59 (1991)); see also United States v. Smith, 82 F.3d 1564,1567 (10th Cir. 1996).

The Miller analysis is equally applicable to this section 2255 motion. If the jury could have convicted Mr. Holland solely on the legally invalid ground, he would have been convicted for conduct the law does not make criminal and would therefore establish the requisite prejudice for relief. The fact that the evidence

-10-

was sufficient to support a conviction on the legally valid ground does not eliminate this possibility or the resulting prejudice unless we can be assured the jury did in fact rely on the valid ground, or unless, in convicting Mr. Holland, the jury necessarily made the findings required to support a conviction on the valid ground.

In this case, the gun providing the basis for the section 924(c)(1) conviction was located under the front passenger seat of a car owned and driven by Mr. Holland. The jury necessarily found these facts as predicates for its finding of possession, a finding that was a requisite part of the "use" conviction under the court's instructions. The court thus instructed that Mr. Holland had to "possess" the weapon in order to be guilty of either using or carrying it, and defined possession as follows:

> The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.
> A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.
> The law recognizes also that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint. However, remember that merely [being] present with others who had possession is not possession. The government must prove that a particular defendant knew that he had either actual or constructive possession of the firearm.

-11-

Rec., vol. 5 at 450-51. Mr. Holland has not challenged this instruction and it was not at issue in the Supreme Court's <u>Bailey</u> opinion.

The district court also correctly instructed the jury that the government was required to prove "the defendant used or carried the firearm in relation to and during a drug trafficking crime." <u>Id.</u> at 445. The "use" instruction, while improper in other respects under <u>Bailey</u>, required the government to prove that "the firearm was an integral part of [Mr. Holland's] criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed." <u>Id.</u> at 449. The "carry" instruction similarly addressed the "during and in relation to" element by requiring that the defendant carry the gun "while committing a drug trafficking offense." <u>Id.</u> at 450. Mr. Holland has not challenged the "during and in relation to" aspects of the section 924(c)(1) instructions and that element likewise was not at issue in <u>Bailey</u>.

The jury findings required by the instructions, taken together, establish the elements of carrying a firearm under section 924(c)(1). The jury necessarily found that the gun was being transported in the vehicle owned and operated by Mr. Holland, that Mr. Holland possessed the gun, and that he did so during and in relation to a drug trafficking offense, all findings it was required to make under the instructions for either a "using" or "carrying" conviction. These findings were made under proper instructions, unaffected by <u>Bailey</u>, and supported by

sufficient evidence. Because the necessary jury findings together satisfy all the requirements needed to support a conviction for carrying a firearm during and in relation to a drug trafficking crime, Mr. Holland has failed to show he was convicted for conduct that the law does not make criminal. He is therefore not entitled to relief under section 2255.

This case is analogous to United States v. Richardson, 86 F.3d 1537 (10th Cir.), cert. denied, 117 S. Ct. 588 (1996), in which the defendant, who was arrested while driving a vehicle, had a gun in his left rear pocket and another gun in the front seat of the truck he was driving. Although these facts were legally insufficient to satisfy the "use" standard under Bailey, they did establish the defendant was carrying the firearms within the meaning of section 924(c)(1), id. at 1548. The critical dispute left for the jury to resolve was whether he did so during and in relation to a drug trafficking offense, a finding the defendant challenged on appeal as unsupported. Because "during and in relation to" is an element of both "using" and "carrying," in finding the defendant guilty the jury necessarily had to have found that his actions with respect to the firearms were taken during and in relation to drug trafficking. Although the defendant argued the evidence was insufficient to support this finding, he did not assert that the jury was erroneously instructed on this element and we concluded the evidence was sufficient. As we have pointed out, the "during and in relation to" element

was not affected by the holding in <u>Bailey</u>.  In <u>Richardson</u>, because the findings necessarily made by the jury established the elements of carrying a firearm during and in relation to a drug crime under section 924(c)(1), no retrial was necessary. The same is true here.  Mr. Holland has failed to show he was prejudiced by the <u>Bailey</u> error.[4]

---

[4]In reaching this conclusion, we hold that an erroneous "use" instruction does not require reversal of the conviction when the jury was also instructed without objection on "carry," the defendant did not dispute that the firearm was carried on his person or in his vehicle, and the jury verdict necessarily includes an inherent finding of "carrying during and in relation to the drug crime."  The essential inquiry is whether the jury's verdict, under the instructions given and the nature of the evidence, required the jury to find all the elements of a "carrying" violation, or stated another way, whether the verdict was the functional equivalent of such a finding.  We must be convinced that it was impossible upon the evidence and instructions for the jury to have returned a "use" conviction without finding all the elements of a "carrying" violation as well.  Other circuits have articulated comparable standards by which they evaluate whether a <u>Bailey</u> error requires reversal.  See, e.g., <u>United States v. Windom</u>, 103 F.3d 523, 524 (7th Cir. 1996) (section 924(c)(1) convictions should be affirmed despite erroneous "use" definition "if the undisputed facts necessarily found by the jury amounted to the 'functional equivalent' of a finding that the defendant had carried a weapon"); <u>United States v. Pimentel</u>, 83 F.3d 55, 60 (2d Cir. 1996) (new trial not required despite erroneous "use" instruction if, in light of other instructions and the evidence, the findings the jury necessarily made are the "functional equivalent" of required findings for a "carry" conviction); <u>United States v. Moore</u>, 76 F.3d 111, 112 (6th Cir. 1996) (<u>Bailey</u> error requires reversal of conviction unless "the jury necessarily based its verdict on conduct that, after <u>Bailey</u>, is still considered criminal").

The results in some of our prior cases are contrary to the analysis and holding set out here.  See, e.g., <u>United States v. DeSantiago-Flores</u>, 107 F.3d 1472 (10th Cir. 1997); <u>United States v. Miller</u>, 84 F.3d 1244 (10th Cir. 1996).  In both cases, the jury was instructed to convict if the defendant either used or carried a firearm, and we concluded that the giving of an erroneous "use"

(continued...)

-14-

We **AFFIRM** the judgment of the district court denying relief under section 2255.

---

[4](...continued)

instruction required reversal of the conviction. The issue under the analysis we adopt today, however, is whether the jury verdict under the instructions given established that the jury necessarily found all the elements of a "carrying" offense. In both DeSantiago-Flores and Miller the only facts linking the defendant to the gun, and thus facts that the jury had to have found to convict under § 924(c)(1), were possession and transportation of the firearm during the drug offense. Because the jury even under pre-Bailey law had to find that these facts occurred during and in relation to a drug offense to convict under either the "use" or "carry" prong, the jury verdict in those cases necessarily embraced all the elements of a "carrying" violation. The result in DeSantiago-Flores and Miller would therefore be different under the analysis we use here.

We have circulated this footnote to the en banc court, which has unanimously agreed that to the extent any of our earlier cases can be viewed as inconsistent with our holding here, they are overruled.