**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DWAYN L. GRANT,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

No. 96-3139
(D.C. No. 96-3069-EEO)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before EBEL, LOGAN, and BRISCOE, Circuit Judges.

Dwayn Grant appeals the order of the district court denying his 28 U.S.C. § 2255 motion to vacate his conviction and sentence for using and carrying a firearm during and in relation to a drug trafficking offense (18 U.S.C. § 924(c)). He contends the factual basis for his guilty plea to the firearm offense is insufficient in light of Bailey v. United States, 116 S. Ct. 501 (1995). We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In June 1990, Grant pleaded guilty to possession of cocaine base with intent to distribute and using and carrying a firearm during and in relation to a drug trafficking offense. At the plea hearing, the district court asked the prosecution for the factual basis of the firearm charge and was told an informant had arranged to buy four ounces of crack from Grant on February 2, 1990. The informant described Grant and his car and told BATF agents where Grant would come to complete the deal. When Grant arrived, agents conducted a felony stop of his car and obtained permission to search it. The agents found a briefcase containing four and a half ounces of crack and an unloaded revolver that had crossed state lines in the trunk of the car. Grant was read his rights and he consented to being interviewed. He admitted being a crack dealer and said he obtained the gun in a trade for cocaine.

The district court accepted Grant's plea and sentenced him to consecutive sentences of sixty-three months and sixty months. After the Supreme Court decided Bailey, Grant moved to vacate his conviction and sentence under 28 U.S.C. § 2255. He argued the factual basis was insufficient to support a conviction for either using or carrying the firearm under 18 U.S.C. § 924(c). The court denied the motion, ruling Bailey did not invalidate the guilty plea because it limited only the definition of using a firearm under § 924(c), and that the factual basis was sufficient to establish Grant had carried the firearm within the meaning

of the statute.

Grant's argument that after <u>Bailey</u>, the "carrying" prong of § 924(c) requires proof that the weapon was within easy reach has been rejected by this court in <u>United States v. Miller</u>, 84 F.3d 1244 (10th Cir. 1996), <u>overruled on other grounds</u> <u>United States v. Holland</u>, 116 F.3d 1353, 1359 n.4 (10th Cir. 1997) (footnote approved by court en banc). This court has broadly defined carrying a firearm under § 924(c) to include possession and transportation of a firearm in a vehicle even if the weapon is not within effortless reach. Thus, a person who transports a firearm in the trunk of a car during and in relation to a drug trafficking offense carries the firearm within the meaning of § 924(c). <u>Miller</u>, 84 F.3d at 1258-59; <u>United States v. Ross</u>, 920 F.2d 1530, 1536-37 (10th Cir. 1990). This remains true after <u>Bailey</u>, which narrowed the definition of using a firearm under § 924(c), but did not limit the definition of carrying a firearm under the statute. <u>Miller</u>, 84 F.3d at 1259-60.

The factual basis was sufficient to support Grant's guilty plea to carrying a firearm under § 924(c). The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-3-