**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DONALD ALBERT MASSIE,

    Defendant-Appellant.

No. 97-2027
(D.C. No. CR-94-415-SC)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge**, MURPHY**, Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

This case has its genesis in the stop of an automobile at an United States Border Patrol checkpoint located on Interstate Highway 10 approximately 20 miles west of Las Cruces, New Mexico and the ensuing search of that automobile and the seizure therefrom of drugs and a firearm. Donald Albert Massie was the driver of the automobile. We are not here concerned with his passenger.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In a four-count indictment, Massie was charged in the first count with possession with an intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). In a second count he was charged with possession with an intent to distribute more than one kilogram of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). In Counts 3 and 4 Massie was charged with using and carrying a firearm during and in relation to drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1).

Prior to trial, Massie filed a motion to suppress the use at trial of the drugs and firearm taken from his vehicle by the border agents. That motion was granted. On appeal, we reversed. *United States v. Massie,* 65 F.3d 843 (10th Cir. 1995).

After remand, Massie pleaded guilty to Counts 1 and 2 of the indictment but elected to proceed to trial on Counts 3 and 4 of the indictment, which, as indicated, charged him with using and carrying a firearm during and in relation to drug trafficking crimes. A jury convicted Massie on Counts 3 and 4. He was thereafter sentenced to 60 months imprisonment on Count 1; 120 months imprisonment on Count 2 to be served concurrently with the sentence imposed on Count 1; and 60 months imprisonment on Counts 3 and 4 to be served concurrently with each other but consecutively to the sentence imposed on Counts 1 and 2, which made a total term of imprisonment of 180 months.

18 U.S.C. § 924(c)(1) provides in pertinent part, as follows:

(c)(1) Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, . . . .

The background facts out of which this case arises are fully set forth in *United States v. Massie, supra,* and will not be repeated here in detail. It is sufficient for our purposes to state that Massie, driving a rental car, pulled into a border patrol checkpoint on Interstate 10 approximately 20 miles west of Las Cruces, New Mexico. After brief questioning by the agents, Massie drove to a secondary inspection area. An ensuing search of the trunk of the vehicle disclosed marijuana and methamphetamine. A subsequent search of the interior of the vehicle revealed a loaded firearm, a folding knife, a set of handcuffs, a scanner, a cellular phone and a small amount of methamphetamine.

Prior to trial, Massie filed a motion to dismiss Counts 3 and 4 based on a then recent Supreme Court case, *Bailey v. United States,* ____ U.S. ____, 116 S.Ct. 501, 133 L.Ed. 2d 472 (1995). The motion was not heard or ruled on prior to trial. Rather, an "informal discussion" was conducted on the record between court and counsel immediately prior to jury selection. At that time, the government advised defense counsel and the district court that, as a result of *Bailey*, it was <u>not</u> contending that Massie was

"using" the firearm during and in connection with drug trafficking crimes, only that he was "carrying" the firearm in connection with such offenses.

The jury, as indicated, convicted Massie on Counts 3 and 4, and he now appeals such conviction and the sentences imposed thereon. On appeal, Massie's only argument is that the evidence is legally insufficient to sustain his conviction for "carrying" a firearm during and in connection with a drug trafficking offense. We disagree and therefore affirm.

A brief further comment concerning just how the firearm was found by the border patrol agents puts the matter in better focus. While the agent was questioning Massie about car insurance and registration papers, the agent noticed that Massie, on several occasions, put his hand into a "black bag" that was located on the floor immediately behind the driver's seat, ostensibly searching for those papers. After the marijuana and methamphetamine were recovered from the trunk, a search of the interior of the vehicle revealed the loaded .380 Mauser in the "black bag" located on the floor immediately behind the driver's seat.

In the indictment Massie was charged in Counts 3 and 4 with using and carrying a loaded firearm during and in relation to drug trafficking crimes as provided for in 18 U.S.C. § 924(c)(1). Shortly prior to the trial of this case, the Supreme Court in *Bailey v. United States, supra,* narrowed the definition of the word "used," as it appears in 18 U.S.C. § 924(c)(1), and held that such means "active employment" of a firearm which

"includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." *Bailey,* 116 S.Ct. at 508. Accordingly, at the commencement of the trial the government advised the court and opposing counsel that it desired to strike the word "used" from the indictment and that it proposed to go to trial on the alternative charge that Massie "carried" a firearm during and in relation to drug trafficking crimes as provided for in 18 U.S.C. § 924(c)(1). Massie's counsel did not object to such, and the word "used" was stricken from the indictment. The jury was not instructed on "using" a firearm, but was instructed on the elements of "carrying" a firearm, to which there was no objection. As indicated, on appeal the only issue raised is whether there is sufficient evidence to support the jury's verdict of guilty on Counts 3 and 4 of the indictment. In this regard, counsel concedes that there may be "some" evidence that Massie was carrying a firearm during and in relation to drug trafficking crimes, but argues that there was not "sufficient" evidence thereof to support the jury's verdict. We disagree.

*Bailey* was concerned with that part of 18 U.S.C. § 924(c)(1) which makes unlawful the use of a firearm during and in relation to a drug trafficking crime. In this regard, the Supreme Court did narrow the meaning of the word "used" and, although there was reference thereto, the Supreme Court in *Bailey* did not definitively construe the word "carried." Indeed the case was remanded to the circuit court to consider that particular aspect of the case.

Our study of the matter leads us to conclude that the evidence does support the jury's verdict that Massie was guilty of carrying a firearm during and in relation to drug trafficking crimes. When asked to produce car insurance and registration papers, Massie reached behind the driver's seat and "fumbled" in a "black bag" located on the floor of the vehicle immediately behind the driver's seat. He found no such papers. Thereafter, marijuana and methamphetamine were found in the trunk of the vehicle. And an ensuing search of the vehicle disclosed a loaded .380 Mauser in the same "black bag" located on the floorboard immediately behind the driver's seat. Such indicates, to us, that Massie was indeed "carrying" a firearm during and in relation to drug trafficking crimes. Perhaps Massie was not "carrying" the firearm on his person, but certainly he was "carrying" the firearm in the automobile he was driving, and the firearm was in near proximity to him and readily accessible.

We believe our conclusion is in accord with *United States v. Miller,* 84 F.3d 1244 (10th Cir. 1996), decided after *Bailey.* In *Miller*, we discussed the meaning of "carried" vis-a-vis "used," under 18 U.S.C. § 924(c)(1). *Miller,* 84 F.3d at 1256-57. In so doing, we held that to establish a "carrying," the government is required to prove that the defendant transported a firearm in a vehicle and that he had at least constructive possession of the firearm while doing so, during and in relation to a drug trafficking crime. Such was particularly true, we said, where the firearm was in "effortless reach" of

the defendant.[1]  The firearm here involved was most certainly in "effortless reach" of

Massie.

In *United States v. Holland,* 116 F.3d 1353 (10th Cir. 1997), we overruled *Miller,*

at least so far as we, in *Miller,* concluded that the giving of an erroneous "use" instruction

required reversal of the conviction even where the jury was also instructed without

objection on the "carrying" aspect of 18 U.S.C. § 924(c)(1).  However, insofar as a

definition of "carrying" was concerned, we agreed, in essence, with the definition given

that word in *Miller.*  In this regard, in *Holland,* 116 F.3d at 1356, we indicated approval

of the following instruction:

> [A] firearm may be carried simply by being carried in a
> vehicle as part of and in relation to a drug trafficking offense,
> so long as the defendant actually and knowingly possessed or
> intentionally had dominion and control over the weapon, by
> himself or together with another in the vehicle, while
> committing a drug trafficking offense.

Specifically, in connection with the aforementioned instruction, we, in *Holland,*

spoke as follows:

> Mr. Holland has never asserted that this definition of "carry"
> under section 924(c)(1) is erroneous.  The instruction is
> clearly correct under our pre-*Bailey* cases, which held "that
> the government is required to prove only that the defendant
> transported a firearm in a vehicle and that he had actual or
> constructive possession of the firearm while doing so."
> *United States v. Miller,* 84 F.3d 1244, 1259 (10th Cir.) (citing

---

[1]We recognize that in *Miller* we reversed and remanded the case for a new trial on
the "carrying" aspect of 18 U.S.C. § 924(c)(1).

- 7 -

cases), *cert. denied*, --- U.S. ---, 117 S.Ct. 443, 136 L.Ed.2d 339 (1996). The instruction is also proper after *Bailey* in view of our conclusion that "nothing in *Bailey* . . . conflicts with our pre-*Bailey* 'vehicular carrying' line of cases." *Id.* at 1260.

*Holland*, 116 F.3d at 1357 n. 2.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge
