**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 13 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESSE GUTIERREZ,

Defendant-Appellant.

No. 96-4197
(D.C. No. 96-CV-147)
(D. Utah)

**ORDER AND JUDGMENT**\*

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jesse Gutierrez was convicted after a jury trial in 1992 of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) & (b)(1)(C), and using and carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1). He was sentenced to thirty months on the drug trafficking count and to the mandatory sixty months to be served consecutively on the firearm count, <u>see</u> § 924(c)(1). His convictions and sentences were affirmed on direct appeal. <u>See</u> <u>Gutierrez v. United States</u>, No. 92-4044, 1992 WL 401588 (10th Cir. Dec. 22, 1992) (unpublished). In February 1996, Gutierrez filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence on the firearm count. He contends that <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), invalidated his conviction under the use prong of § 924(c)(1) and that there was not sufficient evidence to convict him under the carry prong. The district court denied the motion, and Gutierrez appeals. We conclude that in light of <u>Bailey</u> and <u>United States v. Holland</u>, 116 F.3d 1353 (10th Cir.), <u>cert. denied</u>, 118 S. Ct. 253 (1997), we must vacate his § 924(c)(1) conviction and remand for a new trial.

I.

On August 7, 1991, a Salt Lake City police officer stopped a car in which Gutierrez was a passenger. The father of another passenger owned the car. Prior to stopping the car, the officer had noticed some furtive movements by the passenger sitting in the back seat of the car on the driver's side, where, it turned

-2-

out, Gutierrez was sitting. After stopping the car, the officer and a backup who had just arrived ordered the four occupants to exit the car. All occupants of the vehicle appeared to have fresh puncture wounds on their arms, indicative of recent intravenous injections of narcotics. Directly beneath where Gutierrez had been sitting, the officer found a gun wedged between the seat back and bottom. The butt of the gun was visible sticking out from the seat. Within a few inches of the gun, the officer found two large packages of cocaine and heroin. The officer also found a fanny pack lying on the floor directly in front of where Gutierrez had been sitting. The pack contained Gutierrez's identification, a key to a nearby motel room, a small package of heroin, and about $1,050 in cash. The police arrested Gutierrez and released the other three occupants of the car, including the driver. Subsequently, the police determined that the gun was not registered to Gutierrez. The police did not take fingerprints from either the gun or the packages of drugs.

Gutierrez was charged with and tried for possession with intent to distribute cocaine (Count 1) and using or carrying a firearm in violation of § 924(c)(1) (Count 2). With respect to the § 924(c)(1) charge, the jury was instructed that the government had to prove three elements.

> The first element the government must prove beyond a reasonable doubt as to Count 2 is that the defendant used or carried a firearm.

. . . .

In order for the government to sustain its burden of proof that the defendant used or carried a firearm, it is not necessary for it to show that the defendant fired the weapon or even showed the weapon during the alleged drug trafficking crime. It is sufficient if the proof establishes that the firearms were a means of safeguarding and facilitating the possession of the controlled substance with the intent to distribute it.

A firearm is used when a defendant has ready access to it and the firearm was an integral part of his criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed.

R. Suppl. Vol. I, Instruction No. 32.

The second element the government must prove beyond a reasonable doubt is that the defendant had knowledge that what he was carrying or using [was] a firearm as that term is generally used. . . .

Id., Instruction No. 33.

The third element the government must prove beyond a reasonable doubt is that the defendant unlawfully carried or used the firearm during and in relation to the commission of a drug trafficking crime for which he might be prosecuted in a court of the United States.

. . . .

The words "in relation to" mean that the firearm had a role in or facilitated, or had the potential of facilitating, a drug trafficking crime.

Id., Instruction No. 34. Based on these instructions, the jury convicted Gutierrez

of the § 924(c)(1) charge. On direct appeal, Gutierrez did not challenge these

-4-

instructions. The only issue he raised concerning his § 924(c)(1) conviction was whether there was sufficient evidence to support it. This court held that there was.

## II.

Because Gutierrez did not raise a Bailey-type argument either at trial or on direct review, he has procedurally defaulted this claim from collateral review unless he can show cause for his default and actual prejudice resulting from the error he asserts.[1] The Supreme Court issued Bailey three years after Gutierrez was convicted. Under similar circumstances in Holland, we concluded that the petitioner established cause for failing to raise the claim earlier because Bailey overturned a longstanding and widespread practice to which the Court had not spoken, but which a nearly unanimous body of lower courts had expressly approved. See Holland, 116 F.3d at 1356. We therefore conclude that Gutierrez has shown cause for failing to raise the claim earlier and turn to his burden of proving prejudice.

In Bailey, the Supreme Court rejected the broad definitions of "use" that this and other circuit courts had been using and held that "§ 924(c)(1) requires evidence sufficient to show an active employment of the firearm by the defendant,

---

[1] Bailey applies retroactively to cases on collateral review. See Holland, 116 F.3d at 1355-56.

a use that makes the firearm an operative factor in relation to the predicate offense." Bailey, 116 S. Ct. at 505. Mere storage of a firearm, without its more active employment, is not sufficient to show use because storage "is not reasonably distinguishable from possession." Id. at 508. Thus, while the instructions here may have satisfied our pre-Bailey cases, it is clear, as the government concedes, that the instructions do not adequately define "use" under Bailey.[2] See, e.g., United States v. Simpson, 94 F.3d 1373, 1378-79 (10th Cir.) (holding similar "use" instruction improper under Bailey), cert. denied, 117 S. Ct. 411 (1996); United States v. Spring, 80 F.3d 1450, 1464 (10th Cir.) (same), cert. denied, 117 S. Ct. 385 (1996). Moreover, the evidence here would not support a conviction under a properly instructed use prong of § 924(c)(1) because there was no evidence that Gutierrez "actively employed" the firearm.

Gutierrez was charged in the alternative with both using and carrying a firearm. If the only basis for his conviction was the invalid "use" prong, "he would have been convicted for conduct the law does not make criminal and therefore would establish the requisite prejudice for relief." Holland, 116 F.3d at 1358; see also United States v. Miller, 84 F.3d 1244, 1257 (10th Cir.) cert.

---

[2]    The district court concluded that there was no Bailey problem because it mistakenly determined that the jury instructions did not define "use." We also note that we issued our decision in Holland after the district court denied Gutierrez's § 2255 motion.

denied, 117 S. Ct. 443 (1996), overruled in part on other grounds, Holland, 116 F.3d 1353 (1997). We must therefore examine the conviction under the "carry" prong, but we must do more than determine whether there is sufficient evidence to support a "carry" conviction. See Holland, 116 F.3d at 1358. We must also be assured that "the jury necessarily made the findings required" to support the conviction under the "carry" prong. Id. Thus, to ensure a defendant is not convicted for noncriminal conduct, the essential inquiry becomes

> whether the jury's verdict, under the instructions given and the nature of the evidence, required the jury to find all the elements of a "carrying" violation, or stated another way, whether the verdict was the functional equivalent of such a finding. We must be convinced that it was impossible upon the evidence and instructions for the jury to have returned a "use" conviction without finding all the elements of a "carrying" violation as well.

Holland, 116 F.3d at 1359 n.4.

Based on the instructions given and the evidence, we conclude that the jury did not make all the findings required to sustain the conviction under the "carry" prong. In the first place, the instructions blurred any distinction between use and carry. Instruction No. 32 initially told the jury in general terms what the government needed to show to prove Gutierrez "used or carried" a firearm, and then defined "use" without any further discussion of "carry." Thus, under the issued instruction, the jury could have concluded that "use" and "carry" were synonymous. See Simpson, 94 F.3d at 1379 (where instruction did not separately

define "carry," "the jury could have erroneously decided that the terms 'use' and 'carry' were redundant").

Additionally, unlike the situation in Holland, the jury was not fully instructed on the necessary elements of a "carry" violation. "A conviction under the 'carry' prong of section 924(c)(1) requires possession of the firearm through dominion and control, and transportation or movement of the weapon," as well as proof that the firearm was carried "'during and in relation to' a drug trafficking offense." United States v. Richardson, 86 F.3d 1537, 1548 (10th Cir.) (quoting § 924(c)(1)), cert. denied, 117 S. Ct. 588 (1996). Here, the jury was not instructed on either the possession or transportation/movement elements.[3]

Finally and most critically, there are no jury findings from which we may determine that it necessarily found the required "carry" elements despite the lack of instructions. To find Gutierrez guilty of the § 924(c)(1) violation as instructed, the jury had only to find that he had "ready access" to the gun. A finding of "ready access" does not necessarily incorporate findings of either possession or transportation/movement. Moreover, Gutierrez has never admitted any of the elements of a "carry" violation.

---

[3]     The jury was correctly instructed on, and necessarily did find, the "during and in relation to" element.

We therefore conclude that we cannot affirm Gutierrez's § 924(c)(1) conviction under the "carry" prong. Because he could have been convicted for conduct the law does not make criminal, he has established the requisite prejudice both to raise the Bailey claim on collateral review and to entitle him to relief. We therefore must vacate his conviction and sentence. The question then becomes whether to order a new trial. That requires us to determine whether there is sufficient evidence in the record that could support a finding under proper instructions that Gutierrez carried a firearm. See Miller, 84 F.3d at 1258 ("[W]e will remand for a new trial only if the jury could have returned a jury verdict if properly instructed.").[4] We conclude that there is.

The gun was stuffed in the back seat of the car beneath where Gutierrez had been sitting and was located within inches of the package of cocaine. Gutierrez was charged with and convicted of possession of the cocaine with intent to distribute, and the jury was properly instructed that it had to find that he possessed the cocaine. On his direct appeal, he challenged the sufficiency of the evidence supporting the conviction on this charge. In rejecting this contention, we held that "[t]he jury could reasonably conclude that the drugs were initially on Gutierrez and that he distributed drugs to the occupants, and tried to hide them

---

[4]     As noted earlier, there is no evidence that Gutierrez actively employed the gun to support a conviction under the use prong.

during the stop." <u>Gutierrez</u>, 1992 WL 401588, at **3. By the same token, a jury could reasonably find that Gutierrez had the gun on him, in a moving vehicle, and tried to hide it during the stop. Thus, there is sufficient evidence to support the possession and transportation/movement elements of a "carry" violation.

## III.

For the reasons explained above, Gutierrez's § 924(c)(1) conviction and sentence are VACATED, and the case is REMANDED for a new trial on that offense.

Entered for the Court

Robert H. Henry
Circuit Judge