**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ERIC GILMER,

Defendant-Appellant.

No. 96-1489
(D.C. No. 96-N-1189)
(D. Colo.)

**ORDER AND JUDGMENT**\*

Before **KELLY** and **HENRY**, Circuit Judges, and **DOWNES**,\*\* District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*      Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Eric Gilmer appeals from the district court's denial of his motion to vacate judgment and sentence pursuant to 28 U.S.C. § 2255. Gilmer seeks vacation of his conviction and five-year sentence for using or carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), which we had affirmed on direct appeal. See United States v. Gilmer, No. 93-1034, 1993 WL 425117 (10th Cir. Oct. 21, 1993) (unpublished). Relying on Bailey v. United States, 516 U.S. 137 (1995), issued subsequent to his conviction, he argues that the jury was incorrectly instructed on the "use" prong of § 924(c)(1) and that his conviction and sentence therefore cannot stand. The district court agreed that the use instruction was incorrect, but held that Gilmer was not prejudiced by the faulty instruction because the undisputed evidence supported his conviction under the "carry" prong. Because of recent clarifications of the law, our analysis differs somewhat from the district court's, but we nonetheless affirm.

We agree that Bailey applies retroactively to cases on collateral review. See United States v. Holland, 116 F.3d 1353, 1355 (10th Cir.), cert. denied, 118 S. Ct. 253 (1997). Gilmer was charged in the alternative with both using and carrying a firearm. "'[A]n erroneous "use" instruction does not require reversal of the conviction when the jury was also instructed without objection on "carry," the defendant did not dispute that the firearm was carried on his person or in his vehicle, and the jury verdict necessarily includes an inherent finding of "carrying

-2-

during and in relation to the drug crime.'"'" United States v. Durham, ___ F.3d ___, Nos. 96-5107, 96-5108, 96-5118, 1998 WL 130891, at *10 (10th Cir. March 24, 1998) (quoting Holland, 116 F.3d at 1359 n.4). "A conviction under the 'carry' prong of section 924(c)(1) requires possession of the firearm through dominion and control, and transportation or movement of the weapon," as well as proof that the firearm was carried "'during and in relation to' a drug trafficking offense." United States v. Richardson, 86 F.3d 1537, 1548 (10th Cir.) (quoting § 924(c)(1)), cert. denied, 117 S. Ct. 588 (1996). As the district court noted, the jury here was not instructed on the transportation or movement aspect of carry. We held in Durham that that omission does not preclude affirming under the "carry" prong as long as "the jury's verdict 'necessarily embraced all of the elements of a "carrying" violation.'" Durham, 1998 WL 130891, at *10 (quoting Holland, 116 F.3d at 1359 n.4).

As in Durham, the jury was instructed without objection that to convict Gilmer of using or carrying a firearm under § 924(c), it had to find that he "possessed" the firearm "during and in relation to" a drug trafficking crime. Thus, the jury's guilty verdict necessarily embraced these two elements. See id. Moreover, we conclude that the jury could not have found possession of the firearm without also finding that Gilmer transported the firearm in his car.

The only firearm the jury considered was one found in the console of the car Gilmer had been driving. It is undisputed that Gilmer drove the car, was its sole occupant, and exited it just prior to being arrested. It is also undisputed that there was no one in the car between the time he exited it and the time the officers opened and searched it and found the firearm. Again, as in Durham, "[w]e can see no way for the jury to have found that [Gilmer] was in possession of the firearm at the time of the stop without also finding that [Gilmer] had transported the firearm to that location in the first place." 1998 WL 130891, at *11. We therefore conclude that the jury's verdict incorporated all of the findings necessary to convict under the "carry" prong of § 924(c).

AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM