**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENCH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN AMORES,

    Defendant - Appellant.

No. 02-2003
(D.C. No. CR-00-1505-JP)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

    Defendant-Appellant Juan Amores appeals from his conviction and sentence on various drug counts and one firearms count. He challenges the sufficiency of the evidence on the firearms count, and the denial of an acceptance of responsibility adjustment at sentencing under U.S.S.G. § 3E1.1(a). Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

affirm.

Background

In a five-count indictment, Mr. Amores was charged with the following offenses. See I R. Doc. 17. Count 1 named him in a conspiracy to distribute fifty grams and more of cocaine base, in violation of 21 U.S.C. § 846. Counts II, III, and IV charged Mr. Amores with distribution of cocaine base on three separate occasions in violation of 21 U.S.C. § 841(a)(1): Count II for distribution of five grams and more on September 10, 2000, 21 U.S.C. § 841(b)(1)(B); count III for five grams and more on October 10, 2000, 21 U.S.C. § 841(b)(1)(B); and Count IV for fifty grams and more on November 2, 2000, 18 U.S.C. § 841(b)(1)(A). See R. Doc. 17.[1] Count V charged Mr. Amores with carrying a firearm during and in relation to a drug trafficking crime on November 2, 2000, in violation of 18 U.S.C. § 924(c)(1)(A). Mr. Amores pled guilty to counts II and III and went to trial on the remaining counts. The jury found Mr. Amores guilty on the remaining counts (counts I, IV, and V), and he was sentenced to 151 months imprisonment for counts I through IV and 60 months for Count V, to run consecutively,

---

[1]Although Counts II and III originally cited 21 U.S.C. § 841(a)(1)(B), the government subsequently moved to amend the indictment to charge violations of 21 U.S.C. § 841(b)(1)(B). R. Doc. 96. The motion to amend the indictment was ultimately granted.

followed by five years of supervised release.

## Discussion

### A. Sufficiency of the Evidence on Count V.

Mr. Amores first contends that there was insufficient evidence to support his conviction under 18 U.S.C. § 924(c). To support a conviction under § 924(c), the government must prove: (1) "the defendant committed the underlying crime;" (2) "the defendant 'used' or 'carried' a weapon;" and (3) "the use or carriage of the weapon was 'during and in relation to' the drug trafficking crime." United States v. Nicholson, 983 F.2d 983, 990 (10th Cir. 1993). We review the Defendant's claim of insufficiency de novo and ask "only whether, taking the evidence–both direct and circumstantial, together with reasonable inferences to be drawn therefrom–in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." United States v. Voss, 82 F.3d 1521, 1524-25 (10th Cir. 1996) (internal quotation marks omitted).

Mr. Amores claims that the government has insufficient evidence to satisfy the "carry" element of the statute. When a motor vehicle is used, the definition of "carry" "takes on a less restrictive meaning than carrying on the person," and "the government is required to prove only that the defendant transported a firearm in a vehicle and that he had actual or constructive possession of the firearm while

doing so." United States v. Miller, 84 F.3d 1244, 1258-59 (10th Cir. 1996), overruled on other grounds by United States v. Holland, 116 F.3d 1353 (10th Cir. 1997); see Muscarello v. United States, 524 U.S. 125, 139 (1998) (holding "the word 'carry' includes the carrying of a firearm in a vehicle").

Taking the evidence in the light most favorable to the government, there is sufficient evidence to satisfy the "carry" element. There is evidence that Mr. Amores always carried a gun. VII R. at 307. On November 2, 2000, Mr. Amores arrived in his car with a co-conspirator prior to the sale. Id. at 285-86. Mr. Amores told one of his co-conspirators, the driver of the car, that he had a gun and the drugs in his possession. Id. at 288-89. He then handed both the gun and the narcotics to her in the car. Id. at 290. She put the gun and narcotics in her jacket, id. at 291, and remained in the car during the attempted sale, id. at 294. Mr. Amores remained in the area in order to conduct surveillance of the sale. Id. at 350-51. After his arrest, the narcotics were found under the driver's seat, and the gun was found protruding from underneath the passenger seat of the car. Id. at 356. This evidence clearly shows that the Mr. Amores transported the gun and the drugs in his vehicle and had both in his possession immediately prior to the sale. Mr. Amores then gave the firearm and drugs to his co-conspirator so they would be in her possession during the sale, while he walked away to conduct surveillance. The evidence is plainly sufficient. See Muscarello, 524 U.S. at

126-27; <u>Miller</u>, 84 F.3d at 1260; <u>United States v. Ross</u>, 920 F.2d 1530, 1536-37 (10th Cir. 1990).

Mr. Amores also claims there is insufficient evidence to show the firearm was carried "during and in relation to" a drug trafficking offense.  We disagree. To establish this nexus, the evidence must show "'that the defendant *intended* the weapon to be available for use during the drug transaction.'"  <u>Nicholson</u>, 983 F.2d at 990 (quoting <u>United States v. Matthews</u>, 942 F.2d 779, 783 (10th Cir. 1991)). Viewing the evidence in a light favorable to the government, Mr. Amores intentionally carried the gun with the drugs to the scene of the transaction, gave the gun with the drugs to his co-conspirator just prior to the sale, it was readily accessible during the sale, and there was "'a close proximity between the firearm and the drugs.'" <u>Miller</u>, 84 F.3d at 1260 (quoting <u>United States v. Ramirez</u>, 63 F.3d 937, 946 (10th Cir. 1995)); <u>see</u> <u>Smith v. United States</u>, 508 U.S. 223, 237-38 (1993).

## B.  Acceptance of Responsibility

Mr. Amores also contends the district court erred in denying a guideline reduction for acceptance of responsibility at sentencing.  Where a "defendant clearly demonstrates acceptance of responsibility for his offense," the district court will grant a two-level downward adjustment in sentencing.  U.S.S.G. § 3E1.1(a).  The district court's determination of the defendant's acceptance of

responsibility is a question of fact, and we review the determination under a clearly erroneous standard. United States v. Gauvin, 173 F.3d 798, 805 (10th Cir. 1999). We normally defer to the sentencing judge's determination because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1, cmt. n.5.

As noted, Mr. Amores pled guilty to two counts, but went to trial on the other three counts in the indictment. At the sentencing, the district judge denied a downward departure because Mr. Amores "required the government to go to trial on three counts, disputing the government's factual basis for a conviction." III R. at 14. Adjustments are not proper where a defendant "puts the government to its burden of proof at trial by denying the essential factual elements of guilt." U.S.S.G. § 3E1.1, cmt. n.2. Although there are "rare situations" where a defendant may exercise his right to proceed to trial and still be found to have demonstrated an acceptance of responsibility for his conduct, this is not such a case. Id.; see Gauvin, 173 F.3d at 806 (recognizing that such adjustments are "rare"). The district court's determination was not error.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge