BRISCOE, Chief Judge,
concurring.
I am pleased to join the majority’s well-reasoned opinion. I write separately only to voice my concern that our standard for harmless error review expressed in United States v. Holly, 488 F.3d 1298 (10th Cir. 2007) may be inconsistent with more recent Supreme Court precedent. As the majority makes clear, “[w]e have held ... that when there is legal error as to one basis for finding an element, the submission of an alternative theory for making that finding cannot sustain the verdict unless it is possible to determine the verdict rested on the valid ground” or that “the jury necessarily made the findings required to support a conviction on the valid ground.” Op. at 1110 n. 6. But this holding has been called into at least some doubt by Hedgpeth v. Pulido, 555 U.S. 57, 129 S.Ct. 530, 172 L.Ed.2d 388 (2008) (per curiam).
In Holly we addressed whether the jury was properly instructed on the definition of aggravated sexual abuse. The statute at issue, 18 U.S.C. § 2241(a), prohibited “knowingly causing] another person to engage in a sexual act” by using force or fear. 488 F.3d at 1301. While the district court properly instructed the jury on the definition of force, it incorrectly instructed the jury on the definition of fear. Id. at 1302-04. This left this court to determine how to apply harmless error analysis when the jury was improperly instructed on one of two alternative grounds for proving an element of a crime.
*1112 We held that while we could affirm on the improperly instructed ground if there was overwhelming evidence to support that ground, we could not affirm on the basis that there was overwhelming evidence to support a conviction on the properly instructed ground. “The possibility that the jury could have based its verdict in this case on the alternative force instruction, for which there was no error, [was] ... irrelevant.” Id. at 1307. Instead, we concluded that we could affirm on the alternative force instruction in only limited circumstances. Relying on United States v. Holland, 116 F.3d 1353, 1358 (10th Cir.1997), we said that “an instructional error on one of two independent alternative grounds for conviction required the conviction be set aside unless we can be assured the jury did in fact rely on the valid ground, or unless the jury necessarily made the findings required to support a conviction on the valid ground.” Id. at 1306 (alteration and quotation omitted).
While there is no question that we as a panel are typically bound by this court’s prior precedent absent subsequent decision by an en banc court,[1] I note a number of problems with our continued reliance on Holland and Holly. Holly cited Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931), for the proposition that an appellate court “may not affirm a conviction based solely on overwhelming evidence of the properly instructed ground.” Holly, 488 F.3d at 1307 n. 6. In support, the Holly court noted in a parenthetical that the Supreme Court in Stromberg “refuse[d] to sustain a conviction even though it may have been based on a valid ground.” Id. More recently, though, the Supreme Court has explained that we should not draw this conclusion from older cases such as Stromberg because these cases were decided before the Court held that “constitutional errors can be harmless.” Hedgpeth, 555 U.S. at 60, 129 S.Ct. 530. The Court in Stromberg had no “reason to address whether the instructional errors they identified could be reviewed for harmlessness, or instead required automatic reversal.” Id. Therefore, Stromberg does not provide guidance in determining the appropriate remedy when a defendant is convicted under jury instructions that contained alternative grounds for conviction, one of which was improper.[2]
Hedgpeth, however, does provide some insight into this question. In Hedgpeth, *1113 the Court held that it is not structural error requiring reversal when the jury renders a general verdict after instruction on alternative theories of guilt: one valid and one invalid. Instead, “a reviewing court finding such error should ask whether the flaw in the instructions had substantial and injurious effect or influence in determining the jury’s verdict.” Id. at 58, 129 S.Ct. 530. While the Supreme Court did not explain how to apply that test in this context, some circuits have altered their precedent in light of it.
The Fifth Circuit, for instance, now “ask[s] whether the record contains evidence that could rationally lead to an acquittal with respect to the valid theory of guilt.”[3] United States v. Skilling, 638 F.3d 480, 482 (5th Cir.2011) (alteration omitted). Cf. United States v. Andrews, 681 F.3d 509, 521 (3d Cir.2012) (“Where there is a clear alternative theory of guilt, supported by overwhelming evidence, a defendant likely cannot show that an instruction permitting the jury to convict on an improper basis was not harmless error.”).[4] In Skilling, the defendant was convicted of conspiracy. However, the court did not know what theory the jury relied on in reaching this verdict because the government “alleged several possible objects of the conspiracy, including securities fraud and honest-services fraud.” Id. at 481. Because the Supreme Court had reduced the scope of the honest-services fraud statute, the Fifth Circuit had to decide whether it could affirm the conviction for conspiracy based on the theory of securities fraud for which the jury had received a proper instruction. The court held that it could. “Based on our thorough examination of the considerable record in this case, we find that the jury was presented with overwhelming evidence that [the defendant] conspired to commit securities fraud, and thus we conclude beyond a reasonable doubt that the verdict would have been the same absent the alternative-theory error.” Id. at 483-84.
Other circuits, though, continue to hold the government to a higher burden. The Fourth and Seventh Circuits still use a Holly-like standard in assessing whether the government can prove that any error was harmless. The Fourth Circuit has said that “[i]f the evidence that the jury necessarily credited in order to convict the defendant under the instructions given is such that the jury must have convicted the defendant on the legally adequate ground in addition to or instead of the legally inadequate ground, the conviction may be affirmed.” Bereano v. United States, 706 F.3d 568, 578 (4th Cir.2013) (alteration and quotation omitted); see also Sorich v. United States, 709 F.3d 670, 674 (7th Cir. 2013) (‘We have described the harmless-error inquiry in a claim of Skilling error as a question of whether the trial evidence was such that the jury must have convicted the petitioners on both theories of fraud— money/property and honest services.”). And the Ninth Circuit has taken yet another approach. It looks to whether it can discern with “reasonable probability” that the jury instead convicted the defendant on the alternate, but valid, ground. Babb v. Lozowsky, 719 F.3d 1019, 1034-35 (9th Cir.2013).
*1114 Fortunately, we have no need to resolve this question in this case as we are bound by our prior precedent and the government has not attempted to establish that the jury verdict rested on a properly instructed theory. I therefore join the majority and write only to highlight this as an issue meriting further review by our court when properly preserved.

. And the government has not asked us to reexamine Holly in light of Hedgpeth. See United States v. Edward J., 224 F.3d 1216, 1220 (10th Cir.2000) ("Under the doctrine of stare decisis, the panel cannot overturn the decision of another panel of this court barring en banc reconsideration, a superseding contrary Supreme Court decision, or authorization of all currently active judges on the court.” (quotation omitted)).

. In addition, the Holly court does not appear to have taken into full account the extent to which Supreme Court precedent undermined our reasoning in Holland. In Holland, we endorsed Justice Scalia’s view that an error in a jury instruction "cannot be rendered harmless by the fact that, given the evidence, no reasonable jury would have found otherwise.” 116 F.3d at 1357. But the Supreme Court in Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), affirmed a conviction even though the district court had omitted an element of the crime from its jury instructions. The Supreme Court held that "where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless.” Id. at 17, 119 S.Ct. 1827; see also, Neder, 527 U.S. at 30, 119 S.Ct. 1827 (Scalia, J., dissenting) (dissenting "because I believe that depriving a criminal defendant of the right to have the jury determine his guilt of the crime charged — which necessarily means his commission of every element of the crime charged — can never be harmless”).

. The Fifth Circuit will also affirm on the alternate grounds if “the jury, in convicting on an invalid theory of guilt, necessarily found facts establishing guilt on a valid theory." Skilling, 638 F.3d at 482.

. "In contrast, where evidence on the valid alternative theory is relatively weak, the government relies heavily on the improper theory, and the district court's instructions on the improper theory are 'interwoven' throughout the jury charge, the instructional error will not be harmless.” Andrews, 681 F.3d at 522.